UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ____________-CIV-___________/____________

RANDY SCHWARTZ, on behalf of himself
and others similarly situated,

Plaintiff,

v.

BATH CREST OF FLORIDA LLC,
a Florida Limited Liability Company, and
FERNAND LABELLE, individually,

Defendants.
_____________________________________/

**COMPLAINT**

1. Plaintiff, RANDY SCHWARTZ (hereinafter referred to as "Plaintiff"), is an individual residing in Broward County, Florida.

2. Defendants, BATH CREST OF FLORIDA LLC, a Florida Limited Liability, at all times material to this Complaint has operated a bathroom remodeling business based in Pompano Beach, Florida and providing services at numerous locations including but not limited to in Miami-Dade, Broward, and Palm Beach County, Florida.

3. Defendant, FERNAND LABELLE, has at all times material to this Complaint owned, managed, and operated BATH CREST OF FLORIDA LLC and regularly exercised the authority to hire and fire Plaintiff and other employees, determined the manner in which Plaintiff and other employees would be compensated, determined how Plaintiff's and other employees' hours worked were tracked and recorded, set the rates of pay of Plaintiff and other employees, and controlled the finances and operations of BATH CREST OF FLORIDA LLC. By virtue of such control and authority, Defendant, FERNAND LABELLE, is an employer of Plaintiff and the other

similarly situated employees as defined by the FLSA, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of himself and other current and former non-exempt employees of BATH CREST OF FLORIDA LLC and FERNAND LABELLE (collectively referred to as "Defendants") for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).[1]

5. More specifically, this action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other similarly situated non-exempt employees of Defendants.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §216(b) and 29 U.S.C. §1337.

7. All of the events, or a substantial part of the events, giving rise to this action, occurred in Broward County, within the jurisdiction of the United States District Court for the Southern District of Florida.

8. At all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, and 2016, BATH CREST OF FLORIDA LLC has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, BATH CREST OF FLORIDA LLC has employed two (2) or more employees who, *inter alia*: (a) regularly handled and worked on fixtures, equipment, and supplies—including but not limited to computers, photocopier/scanner, printers, telephones, bathtubs, shower enclosures, warehouse inventory, forklifts, company vehicles, and shop supplies—that were goods and/or materials

[1] Attached hereto is a signed Consent to Join from Plaintiff SCHWARTZ.

moved in or produced for commerce; and (b) regularly communicated with and transacted business across State lines, including but not limited to, with vendors such as Prolux Manufacturing in Salt Lake City, Utah, outside of the State of Florida.

9. Based upon information and belief, the annual gross sales volume of BATH CREST OF FLORIDA LLC has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, and 2016.

10. At all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, and 2016, BATH CREST OF FLORIDA LLC has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11. In approximately June 2014, Defendants hired Plaintiff on an hourly basis at the rate of $12.00/hour to work at Defendants' shop in Pompano, Florida.

12. At all times between approximately June 2014 and February 2016, Plaintiff was an employee of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e), and Defendants were an employer of Plaintiff within the meaning of 29 U.S.C. §203(d), because, *inter alia*: (1) Plaintiff worked on a full-time, permanent basis carrying out non-exempt duties for Defendants, without the time or opportunity for Plaintiff to himself perform other substantial work assignments outside of the work performed; (2) the duties that Plaintiff carried out for Defendants between June 2014 and February 2016 were integral to Defendants' bathroom remodeling business; (3) Defendants exercised direct and extensive control over the manner and times at which Plaintiff had to be present at and carry out his duties for Defendants; (4) Defendants were not dependent upon Plaintiff exercising managerial skill; (5) Plaintiff made and had no material investment in either the equipment or materials used at Defendants' work site and the overall operation of Defendants'

shop, as Defendants were exclusively responsible for providing the work situs and all equipment and materials; and (6) the actual duties Plaintiff performed on a day-to-day basis for Defendants did not require special skills.

13. Between approximately June 2014 and February 2016, Plaintiff's primary duties for Defendants consisted of non-exempt manual labor in Defendants' shop, including cleaning, maintenance, as well as inventory, purchasing, and related ministerial office and shop duties, and setting up, transporting, and breaking down mobile displays for home and trade shows and other events.

14. Throughout the course of his employment with Defendants between approximately June 2014 and February 2016, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants in numerous work weeks without Defendants paying Plaintiff overtime compensation as required by the Fair Labor Standards Act for all of Plaintiff's actual overtime hours worked at time and one-half Plaintiff's applicable regular rates of pay. Rather, between approximately June 2014 and February 2016, Defendants paid Plaintiff straight-time wages for his overtime hours in numerous work weeks without time and one-wages for all of Plaintiff's actual hours worked in excess of Forty (40) hours per week for Defendants.

15. The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt employees, however, variously titled, who have worked for Defendants in one or more weeks between February 2013 and the present who were paid straight-time wages for their overtime hours worked without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

16. Defendants have not complied with the requirements of the Fair Labor Standards Act by, *inter alia*, knowingly failing to pay time and one-half wages for all of the actual hours

worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt employees, however variously titled, in one or more weeks between February 2013 and the present.

17. Defendants have had knowledge of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt employees in multiple work weeks between February 2013 and the present, all of which work was for the benefit of Defendants. Nonetheless, Defendants knowingly and willfully failed to compensate Plaintiff and the other similarly situated employees with time and one-half wages for all of their actual overtime hours worked between February 2013 and the present, instead accepting the benefits of the work performed by Plaintiff and the others similarly situated to him without the overtime compensation required by the FLSA.

18. Based upon information and belief, records of the start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and the other similarly situated employees between February 2013 and the present are in the possession, custody, and/or control of Defendants.

19. The complete records concerning the compensation actually paid to Plaintiff and the other similarly situated employees between February 2013 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

20. Plaintiff, RANDY SCHWARTZ, readopts and realleges the allegations contained in Paragraphs 1 through 19 above.

21. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay for each and every hour he worked for Defendants in excess of Forty (40) hours per work week between approximately June 2014 and February 2016.

22. All similarly situated current and former non-exempt employees of Defendants, however variously titled, who have worked in one or more weeks between February 2013 and the present are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between February 2013 and the present.

23. At all times material to this Complaint, Defendants have had actual notice and personal knowledge that their compensation practices did not provide Plaintiff and the other similarly situated non-exempt employees for the hours worked in excess of Forty (40) hours per week in numerous work weeks between February 2013 and the present; and (b) Defendants' failure to pay time and one-half wages for all of the actual hours and work performed by Plaintiff and the other similarly situated employees for Defendants as required by the Fair Labor Standards Act for each work week within the three (3) year statute of limitations period between February 2013 and the present.

24. By reason of the intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and the other non-exempt employees similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

25. Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and Defendants' other non-exempt employees, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

26. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable

attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

27. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, RANDY SCHWARTZ, and any current or former non-exempt employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, BATH CREST OF FLORIDA LLC and FERNAND LABELLE, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: February 21, 2016

Respectfully submitted,

By: **s/KEITH M. STERN**

Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
2300 Glades Road, Suite 360W
Boca Raton, Florida 33431
Telephone: (561) 299-3703
Facsimile: (561) 288-9031

Attorney for Plaintiff

# CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, Beth Crest of Florida LLC and Fernand Labelle, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq*.

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

s/Randy Schwartz
Signature

Randy Schwartz
Printed Name